**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERVIN CABLE CONSTRUCTION, LLC,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FIRST MERCURY INSURANCE COMPANY,)<br>and UTILIBORE, INC.,  )<br>  )<br>  Defendants.  ) | Case No. 15-cv-1530 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Ervin Cable Construction, LLC (hereinafter "Plaintiff" or "Ervin Cable"), by and through its attorneys of record, Baker Sterchi Cowden & Rice LLC of St. Louis and Kansas City, Missouri, and pursuant to 28 U.S.C. §2201 hereby files this Complaint for Declaratory Judgment directed to Defendants First Mercury Insurance Company (hereinafter "First Mercury Insurance") and Utilibore, Inc. (hereinafter "Utilibore"), to determine and declare the rights and duties of the parties under: (a) a policy of insurance issued by First Mercury Insurance to Utilibore in which Ervin Cable is reportedly an Additional Insured; and (b) a Subcontract entered into between Ervin Cable and Utilibore to perform certain work referenced therein and providing for insurance coverage (to be obtained by Utilibore for the benefit of Ervin), defense and indemnity obligations.

## JURISDICTION AND VENUE

1. Plaintiff is a foreign limited liability company with its principal place of business at 450 Pryor Blvd. in Sturgis, Kentucky. At all material times, Plaintiff was and is authorized to do business in Missouri. None of the members of this limited liability company are citizens of the states of Delaware, Michigan or Missouri.

2. First Mercury Insurance Company is a foreign corporation duly incorporated under the laws of the state of Delaware with its principal place of business at 26600 Telegraph Road, Southfield MI 48033 that at all times material hereto was and is authorized to issue policies of insurance in the State of Missouri.

3. Utilibore is a corporation organized and duly incorporated under the laws of the State of Missouri and that at all material times was and is authorized to conduct business in Missouri.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §2201.

5. Venue is proper in St. Louis, Missouri because a significant amount of the facts giving rise to this lawsuit occurred in St. Louis, Missouri.

6. This Court has the jurisdiction and legal authority pursuant to 28 U.S.C. §2201, to declare rights, status, and other legal relations of plaintiff and defendants, whether or not further relief is or could be sought, and such declaration shall have the force and effect of a final judgment or decree, inasmuch as there is an actual controversy within its jurisdiction with the amount in controversy exceeding $75,000 exclusive of interest and costs.

## **GENERAL ALLEGATIONS**

7. On or about October 30, 2013, Plaintiff entered into a Subcontract with Utilibore, including amendments thereto, to which Utilibore would perform certain subcontract work under Plaintiff's primary contract (hereinafter referred to as "the Subcontract"). A true and correct copy of the Subcontract is attached hereto as **Exhibit "A."**

8. The Subcontract identifies Utilibore as "Subcontractor" and Plaintiff as "Contractor."

9. Pursuant to the Subcontract, Utilibore performed underground utility construction work in St. Louis Missouri on or about April of 2012 (the "Subcontract Work").

10. While performing the Subcontract Work, Utilibore allegedly hit a sewer line owned and operated by Metropolitan St. Louis Sewer District and caused damage to same ("the Incident").

11. Metropolitan St. Louis Sewer District ("Claimant") has presented a claim in an amount in excess of $75,000 to Plaintiff for the damage to its sewer line resulting from the Incident.

12. As a result of the aforementioned claim, Plaintiff made a demand for defense and indemnification on or about June 4, 2015, under the terms of its contract with Utilibore to both Utilibore and to First Mercury Insurance as an additional insured under a policy of insurance issued by the latter. See demands attached as **Composite Exhibit "B."**

13. Plaintiff has been forced to retain counsel and file this declaratory judgment action in order to have this Court declare the rights and obligations under the Subcontract and the insurance contract issued by First Mercury Insurance Company.

### **COUNT I – DECLARATORY JUDGMENT**
**(First Mercury Insurance Company)**

14. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-13, above, as if fully set forth herein.

15. Per the terms of the Subcontract, Utilibore agreed to "procure and maintain at its . . . sole expense" certain insurance coverage. See **Exhibit A, §12**. Specifically, Utilibore agreed to provide insurance coverage meeting the following requirements (the "Additional Insured Coverage"):

   a. "broad form coverage, which includes coverage for settlement, collapse…underground hazards…contractual liability and products/completed operations...;"

   b. $1,000,000 Each Occurrence;

   c. $2,000,000 General Aggregate, per project;

   d. $2,000,000 Products/Completed Operations Aggregate;

   e. "The Commercial General…Liability policies shall name Ervin Cable Construction, LLC; its parent, Dycom Industries, Inc.; Project Owner; its or their subsidiary(ies) and/or affiliated companies; and each of their respective officers, directors, stockholders, members,

managers, employees, and agents as "Additional Insured" utilizing form CG 20 37…."

16. Utilibore provided Plaintiff with a Certificate of Insurance (the "COI"). A true and correct copy of the COI is attached hereto as **Exhibit "C"**.

17. First Mercury Insurance issued Policy No. FMIL005173 ("the Policy"). See attached COI as **Exhibit "C"**.

18. Upon information and belief, the Policy is in the possession of First Mercury Insurance. Plaintiff is currently not in possession of said Policy.

19. The Policy is a Commercial General Liability Policy, according to the COI and the subcontract.

20. Utilibore is the named insured under the Policy, according to the COI.

21. Plaintiff is listed as an additional insured under the Policy, according to the COI.

22. To date, Utilibore has failed to accept Plaintiff's tender and First Mercury Insurance has failed to provide Plaintiff with a copy of the Policy.

23. First Mercury Insurance's failure to provide Plaintiff with a copy of the Policy has hindered Plaintiff's ability to enforce its rights as an additional insured under the Policy.

24. Upon information and belief, Utilibore obtained the Additional Insured Coverage for Ervin Cable required by the Subcontract from First Mercury Insurance.

25. Upon information and belief, Plaintiff is entitled to receive from First Mercury Insurance full indemnity and defense related to the claim of Metropolitan St. Louis Sewer District.

26. Upon information and belief, Plaintiff is entitled to receive from Erie Insurance full indemnity and defense related to any future claims relating to the Incident.

27. Upon information and belief, Plaintiff is entitled to receive from First Mercury Insurance reimbursement for the cost and reasonable attorneys' fees incurred by Plaintiff in enforcing its rights as an additional insured under the Policy.

28. On or about June 4, 2015, Plaintiff notified First Mercury Insurance of its status as Additional Insured under the Policy and formally tendered the claim(s) of Metropolitan St. Louis Sewer District to First Mercury Insurance for defense and indemnity under CGL Policy No. FMIL 005173.

29. Plaintiff provided, together with the tender letter, a copy of the COI to First Mercury Insurance.

30. To date, First Mercury Insurance has failed to accept Plaintiff's tender.

## COUNT II – DECLARATORY JUDGMENT
### (Utilibore, Inc.)

31. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 1-30 as if fully set forth herein.

32. The Subcontract obligated Utilibore to indemnify and defend Plaintiff for any and all claims arising out of Utilibore's work performed under the Subcontract.

6

33. Specifically, Utilibore agreed to the following relevant provisions (See E**xhibit A, §§ 10,11**):

> **Section 10.   Indemnity:**
>
> "Subcontractor shall indemnify, defend, reimburse and hold harmless Contractor, its parent company, Project Owner, and its or their officers, directors, representatives, employees, administrators or benefit plans and affiliates harmless from, for and against any and all suits, claims, actions, losses, expenses, costs (including without limitation reasonable attorneys' fees and court costs), fines, levies, awards, penalties, damages and/or other liability (direct or indirect) arising from, related to, or based upon…actual or alleged injury (including death) to any persons or property…that may occur…."
>
> **Section 11.  Duty to Defend:**
>
> "Subcontractor shall defend Contractor, its parent company and Project Owner against any claim, or any legal proceeding….   The Subcontractor's duty to defend Contractor, its parent company and Project Owner shall apply whether such claim or legal proceeding is brought only against Contractor or Project Owner or Contractor and Project Owner, either separately or jointly with Subcontractor…."

34. The Subcontract Work performed by Utilibore was work subject to the Subcontract.

35. Utilibore performed the Subcontract Work.

36. The Incident resulted from Utilibore's performance of the Subcontract Work.

37. Per the terms of the Subcontract, Utilibore is obligated to defend and indemnify Plaintiff for any and all claims arising out of or resulting from Utilibore's performance of its Subcontract Work.

40. Utilibore is obligated to defend and indemnify Plaintiff for any future claims arising out of or resulting from either the Incident or Utilibore's work.

41. On or about June 4, 2015, Plaintiff demanded that Utilibore provide Plaintiff with full indemnity and defense relating to the claims.

42. To date, Utilibore has failed to respond to Plaintiff's demand.

WHEREFORE, Plaintiff Ervin Cable Construction, LLC, demands judgment against defendants First Mercury Insurance Company and Utilibore, Inc., and requests that this Court issue the following declarations:

    a. that Plaintiff is entitled, as an Additional Insured under the Policy, to receive from First Mercury Insurance Company full defense and indemnity for the claim(s) of Metropolitan St. Louis Sewer District;

    b. that Plaintiff is entitled, as an Additional Insured under the Policy, to receive from First Mercury Insurance Company full defense and indemnity for any other claims arising out of or related to the Incident;

    c. that Plaintiff is entitled, pursuant to the Subcontract, to receive from Utilibore, Inc., full defense and indemnity for the claim(s) of Metropolitan St. Louis Sewer District;

    d. that Plaintiff is entitled, pursuant to the Subcontract, to receive from Utilibore, Inc., full defense and indemnity for any other claims arising out of or relating to the Incident; and

    e. that First Mercury Insurance and/or Utilibore, Inc., is required to reimburse Plaintiff for its reasonable attorneys' fees and expenses incurred in enforcing its contractual rights under the Policy and Section 10 of the Subcontract; and

together with court costs and for such other and further relief as to this Court shall seem just and proper.

                                                   BAKER STERCHI COWDEN & RICE, LLC

                                                 /s/ Hal D. Meltzer
                                                 Hal D. Meltzer       MO #38535
                                                 2400 Pershing Road, Suite 500
                                                 Kansas City, MO 64108
                                                 Telephone: (816) 471-2121
                                                 Facsimile: (816) 472-0288
                                                 meltzer@bscr-law.com
                                                 **ATTORNEYS FOR PLAINTIFF**
                                                 **ERVIN CABLE CONSTRUCTION, LLC**